**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | **CIVIL ACTION NO. 1:07-CV-0790** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **EDWARD KLEM,** *et al.,* | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 3rd day of August, 2009, upon consideration of *pro se* plaintiff's motion (Doc. 11) for separation of the parties, wherein plaintiff requests that the court separate the above-captioned matter into two distinct civil actions concerning (1) those defendants and claims associated with the state correctional institution at Albion ("SCI Albion") and (2) those defendants and claims associated

with the state correctional institution at Mahoney ("SCI Mahoney"),[1] (see id.), and

upon further consideration of defendant's motion (Doc. 16) to dismiss, in response

to which plaintiff has filed a request (Doc. 20) that the court dismiss defendants'

motion (Doc. 16) to dismiss pending disposition of the motion (Doc. 11) for

separation of the parties, (see Doc. 20 ¶ 7), it is hereby ORDERED that:

---

[1] The procedural history underlying the above-captioned matter is somewhat tortuous and has caused considerable confusion. On February 22, 2007, plaintiff filed his claims, together in one complaint, against both the SCI Albion and the SCI Mahoney defendants. This complaint was docketed under Civil Action Number 1:CV-07-340. See Mincy v. Klem (Mincy I), Civ. A. No. 1:CV-07-340 (M.D. Pa. Feb. 22, 2007). The court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and thereafter ordered plaintiff to file an amended complaint that comported with Federal Rules of Civil Procedure 8 and 20. (See Mincy I, Doc. No. 4.) Rather than file an amended complaint, however, plaintiff commenced a new action by filing a new complaint, which was assigned the above-captioned docket number. (See Doc. 4.) The court then withdrew the complaint, ordered it to be filed under the docket number associated with Mincy I, and closed the above-captioned civil action number. (See id.) This apparently caused plaintiff some bemusement, as he immediately filed a notice of appeal in the above-captioned matter, (see Doc. 5), and a motion for reconsideration in Mincy I, (see Mincy I, Doc. No. 12). After his amended complaint (Doc. 14) was docketed in Mincy I, but before any further action was taken by the court, plaintiff also filed a notice of appeal in Mincy I. (See Mincy I, Doc. 15.) The court thereafter dismissed plaintiff's complaint in Mincy I for its failure to adhere to the federal pleading requirements of Rule 8. (See Mincy I, Doc. No. 17.) The Third Circuit Court of Appeals recognized that the appeals in Mincy I and the above-captioned litigation concerned identical subject matter and consolidated both appeals under the appellate docket associated with the above-captioned matter. (See Doc. 7 (reproducing Third Circuit order in Mincy v. Klem (Mincy II), No. 07-2689 (3d Cir. June 21, 2007))). In a *per curiam* opinion dated December 16, 2008, the Third Circuit vacated this court's dismissal order in Mincy I and remanded the case for further consideration, also under the above-captioned docket number. See Mincy II, 303 F. App'x 106 (3d Cir. 2008).

Plaintiff now seeks to separate the above-captioned matter into two distinct civil actions, one focused upon the SCI Albion defendants, and the other focused upon the SCI Mahoney defendants. In order to avoid further confusion, the parties shall continue to litigate this matter exclusively under the above-captioned docket number. The court will postpone disposition of plaintiff's request to separate the matters until plaintiff has filed his proposed amended complaints in accordance with Paragraph 3 of this order, infra.

1.    Plaintiff's motion (Doc. 11) for separation of the parties is GRANTED in part and DENIED in part as follows:

   a.    The motion is GRANTED to the extent that plaintiff seeks permission to file two amended complaints, one of which shall set forth the claims against the SCI Albion defendants, and one of which shall set forth the claims against the SCI Mahoney defendants.

   b.    Pursuant to the court's review of the amended complaints, the court may separate the defendants and claims in order to further the interests of judicial economy.

   c.    The motion is DENIED in all other respects.

2.    The Clerk of Court is instructed to FORWARD to plaintiff two copies of the court's form civil rights complaint, which plaintiff shall utilize to facilitate his proposed separation of the defendants and claims in the above-captioned matter.

3.    Both forms shall be filed as "proposed amended complaint" and shall contain Civil Action Number 1:CV-07-0790.  The averments contained in the complaints shall be direct, concise, and shall stand alone without reference to any other document filed in this matter.  See FED. R. CIV. P. 8(e).  Plaintiff shall not be permitted to attach any exhibits to the filings, as specified in the civil rights form.

4.    Plaintiff shall file his proposed amended complaints on or before August 31, 2009.

5.    Defendants' motion (Doc. 16) to dismiss is DENIED without prejudice as moot.

　S/ Christopher C. Conner　
CHRISTOPHER C. CONNER
United States District Judge