**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | **CIVIL ACTION NO. 1:07-CV-0790** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD KLEM, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

In accordance with this court's order of August 3, 2009 (Doc. 22), granting plaintiff's motion "to separate the actions and parties" and providing plaintiff with two copies of this court's form civil rights complaint to assist him in accomplishing that task, plaintiff filed two proposed amended complaints (Doc. 23, 24). The separation of the actions and parties will be accomplished as follows.

## I. Proposed Amended Complaint Found at Docket Entry 23

In the proposed amended complaint found at docket entry 23, plaintiff states that "[t]his is a civil action . . . against officers and administrative staff members of State Corrections Institution Albion ("S.C.I. Albion["])." (Doc. 23, at 5.) Review of the amended complaint reveals that this portion of the action could have been properly brought before the United States District Court for the Western District of Pennsylvania, see 28 U.S.C. § 1404(a)("For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); see also Jumara

v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)(stating factors to consider when deciding whether to transfer case).  Specifically, the amended complaint involves events that occurred during plaintiff's incarceration at the State Correctional Institution at Albion which is located in the Western District of Pennsylvania (Doc. 23, at 5-9), see Jumara, 55 F.3d at 879 (stating that where claim arose is a factor), that district likely has a strong interest in deciding this controversy, see id. (stating that local interest in deciding case is a factor), all of the named defendants work, and presumably reside within that district, see Jumara, 55 F.3d at 879 (stating that location of defendants is a factor), discovery will involve witnesses and documents located within that district, see id. (stating that location of witnesses and discoverable evidence is a factor), and there are practical and economic considerations of conducting discovery and trial in a location near the parties and witnesses, see id. (stating that public and practical considerations are factors); see also Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 570-71 (M.D. Pa. 1999) (stating that in considering transfer of case, convenience of non-party witnesses residing more than 100 miles from the court weighed heavily).  All of these factors weigh in favor of transfer.  In addition, it would be in the interests of justice and judicial economy to transfer this portion of the case to the United States District Court for the Western District of Pennsylvania.

## II.    **Proposed Amended Complaint Found at Docket Entry 24**

The document found at docket entry 24 is an amended complaint in which plaintiff alleges that he was the victim of an ongoing conspiracy carried out by numerous officers and staff at the State Correctional Institution at Mahanoy in

retaliation for exercise of his  constitutional rights.[1]  Venue of this portion of the

action properly lies in this district.  The United States Marshal will be directed to

serve this document on all named defendants.

**III.**   **Conclusion**

The amended complaint involving the events that occurred while plaintiff

was incarcerated at SCI-Albion will be transferred to the United States District

Court for the Western District of Pennsylvania.  The amended complaint addressing

the SCI-Mahanoy incidents will be served on the named defendants and litigated in

this district.

An appropriate order follows.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

Dated:        September 10, 2009

---

[1]All of the defendants, except Zinz and Wertz (both of whom at the relevant time were employed at SCI-Albion), are listed as employed at SCI-Mahanoy.  (Doc. 24, at 8-13).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | **CIVIL ACTION NO. 1:07-CV-0790** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD KLEM, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 10th day of September, 2009, in accordance with the

foregoing memorandum, it is hereby ORDERED that:

1.   The Clerk of Court shall DOCKET the proposed amended complaint
     found at docket entry 23 as an amended complaint and TRANSFER
     that complaint to the United States District Court for the Western
     District of Pennsylvania.

2.   With respect to the proposed amended complaint found at docket
     entry 24, the Clerk of Court shall DOCKET it as an amended
     complaint, ADJUST the named defendants on the docket sheet
     accordingly, and FORWARD the amended complaint to the United
     States Marshal Service for service on the named defendants.

  S/ Christopher C. Conner  
CHRISTOPHER C. CONNER
United States District Judge
