# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | **CIVIL ACTION NO. 1:07-CV-0790** |
| **Plaintiff,** | : | **(Judge Conner)** |
| v. | : | |
| **EDWARD KLEM, et al.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Hilton Karriem Mincy ("Mincy") initiated this civil rights action pursuant to 42 U. S.C. § 1983 on April 30, 2007, alleging that his First, Eighth and Fourteenth Amendment rights were violated by numerous Pennsylvania Department of Corrections ("DOC") employees assigned to the State Correctional Institution at Mahanoy. (Doc. 1.) The matter is proceeding *via* an amended complaint, which was filed on September 10, 2009. (Doc. 27.) Presently pending is a partial motion to dismiss (Doc. 31) plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on behalf of all defendants. For the reasons set forth below, the motion will be granted in part and denied in part. This memorandum will also address plaintiff's recently filed motion for an indefinite extension of time.

## I. **Motion to Dismiss Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise

2

a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## II. **Allegations of the Complaint**[1]

Mincy pursues four claims in his amended complaint. (Doc. 27.) In the first claim, he alleges that defendants, Vance, Wetzel, Murphy, and Gower, issued him four separate retaliatory misconducts. (Doc. 27, at p. 16.) In his second claim, he avers that SCI-Mahanoy officers intentionally stole new sneakers and boots in retaliation for filing grievances and lawsuits against officers and staff and that when he grieved the theft by utilizing the administrative grievance process available, the process was conducted in a perfunctory and retaliatory manner in an effort to "aide and abet" the retaliating officers. (Id.) In the third claim he states that SCI-Mahanoy officers destroyed his typewriter in retaliation for filing a grievance concerning the theft of his sneakers and boots and filing other grievances and lawsuits. He also states that the administrative grievance process was rote and perfunctory "with retaliatory animus, and in an effort to aide and abet retaliating

---

[1]In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the amended complaint. *See infra* Part I.

3

officers." (Id. at pp. 16-17) (emphasis in original.) Finally, he challenges "[t]he usage of a legitimate transfer as means of retaliating against Plaintiff by intentionally recommending and having Plaintiff sent to the farthest prison (S.C.I. Albion) in the Pennsylvania Department of Corrections." (Id. at 17.) He also avers that defendant Wertz knowingly and intentionally hindered his efforts to inspect and document the damage done to his typewriter and that this conduct was done in an effort to aide and abet and conceal the retaliatory conduct of other officers of the Pennsylvania Department of Corrections. (Id.) He received monetary compensation for his stolen and destroyed property. In this action, he seeks injunctive relief as well as nominal, compensatory, and punitive damages. (Id.)

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of other federal laws. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004). In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful

4

conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 372 (M.D. Pa. 2001).

### A. Eleventh Amendment

Under the Eleventh Amendment, states and state agencies are immune from suit in federal court. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, see PA. STAT. ANN., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity." See Lavia v. Pennsylvania Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000). While a state may lose its immunity by Congressional abrogation or by waiver, see id., Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Moreover, the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. See Lavia, 224 F.3d at 195; see also 42 PA. CONS. STAT. ANN. § 8521(b). The Eleventh Amendment prohibits a lawsuit against defendants sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990).

Defendants seek to dismiss the claims against them in their official capacity as barred by the Eleventh Amendment. Mincy argues that because he is seeking

5

injunctive relief, rather than monetary relief, the motion should be denied. (Doc. 33, at p. 6.) However, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he seeks to challenge. See Weaver v. Wilcox, 650 F.2d 22, 27 n.13 (3d Cir. 1981) (finding that a prisoner's transfer from the prison moots claims for injunctive and declaratory relief with respect to prison conditions). Mincy is no longer incarcerated at SCI-Mahanoy. Consequently, his request for injunctive relief is moot.

### B. Personal Involvement

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Such allegations, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. Id.

#### 1. Conspiracy

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366

(3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 432 n.8 (3d Cir. 1990). See also, Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. See id.; Rose, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16.

Viewing the complaint in the light most favorable to Mincy, he has nevertheless failed to state a viable conspiracy claim against defendants. His allegations are conclusory, and do not meet the requirement that a civil rights conspiracy claim contain specific facts that tend to show a meeting of the minds and concerted activity. In an effort to overcome this glaring deficiency, Mincy refers the court back to prior versions of his complaint. (Doc. 33, at p. 7.) It is

7

well-settled that an amended complaint supersedes the original complaint. <u>Washer v. Bullitt Co.</u>, 110 U.S. 558, 561-62 (1884) (stating that "[w]hen a petition is amended by leave of the court, the cause proceeds on the amended petition."); <u>Snyder v. Pascack Valley Hosp.</u>, 303 F.3d 271, 276 (3d Cir. 2002); <u>New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.</u>, 101 F.3d 1492, 1504 (3d Cir. 1996) (finding that the amended complaint supersedes the original and renders it of no legal effect). In the order allowing plaintiff to amend his complaint, he was informed that "[t]he averments contained in the complaints shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. <u>See</u> FED. R. CIV. P. 8(e)." (Doc. 22, at p. 3.) Consequently, referring back to prior versions of the amended complaint is not an option.

He fails to allege that defendants Klem, Chmielewski, Temperine, Williamson, Kane, Williams, Kornasky, Derfler, Kmieciak, Kerschner, Brought, Bronsburg, Meyers, Hryciyna and Zinz were personally involved in conduct amounting to a constitutional violation. (Doc. 32, at p. 4.) The amended complaint is replete with general claims of conspiracy and aiding and abetting that "stem from an approximat [sic] two (2) year on going conspiracy carried out by numerous officers and staff at S.C.I. Mahanoy in retaliation to statements Plaintiff made against Officer Jim Kehoe (an officer involved in a physical altercation with Plaintiff's former cell-mate), grievances, complaints filed to outside agencies as well as the subsequent filing of two (2) civil actions naming numerous officers and staff members of S.C.I. Mahanoy." (Doc. 27, at p. 15.) He only references "S.C.I.

8

Mahanoy officers" or "officers of S.C.I. Mahanoy," and fails to indicate the personal roles of defendants Klem, Chmielewski, Temperine, Williamson, Kane, Williams, Kornasky, Derfler, Kmieciak, Kerschner, Brought, Bronsburg, Meyers, Hryciyna, and Zinz. The motion to dismiss the conspiracy claim will be granted.

### 2. Destruction of Personal Property

The Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "In some cases takings of property require pre-deprivation notice and a hearing." Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 421 (3d Cir. 2000). If meaningful pre-deprivation due process is impractical, due process is satisfied "by a meaningful post-deprivation remedy." Id.

"A prisoner's due process claim based on a state actor's unauthorized deprivation of property is not actionable under § 1983 unless no adequate post-deprivation remedy is available." Mattis v. Dohman, 260 Fed. App'x 458, 461 (3d Cir.2008) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984) (establishing that regardless of whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief under § 1983 if he or she has adequate post-deprivation remedies available under state law.))

It is first noted, that Mincy does not identify the individuals who allegedly stole or destroyed his property. However, even if he had alleged personal responsibility, the claims would still be subject to dismissal. The DOC has established an internal grievance procedure through which the state hears claims,

and when appropriate, provides remedies. Mincy states that he grieved the deprivation of his sneakers and boots and the destruction of his typewriter and that he received monetary compensation for the items. (Doc. 27, at pp. 16-17.) Compensation for the items reflects that the post-deprivation remedy was successful and meaningful. Accordingly, the deprivation of personal property claims will be dismissed.

### 3. Retaliatory Theft, Destruction, and Transfer

Mincy also alleges that defendants stole his sneakers and boots, destroyed his typewriter and masked a retaliatory transfer as a legitimate transfer in retaliation for filing grievances and lawsuits. In order for a prisoner-plaintiff to establish a retaliation claim under the First Amendment, he or she must prove: (1) conduct or speech protected by the First Amendment, (2) "adverse action" suffered at the hands of state officials, and (3) a causal link between the constitutionally protected conduct or speech and the retaliatory action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir.2001); see also Wolfe v. Pa. Dep't of Corr., 334 F. Supp. 2d 762, 773-74 (E.D. Pa. 2004). Filing a lawsuit constitutes protected First Amendment conduct. See Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

Mincy alleges that his property was stolen or destroyed and he was "sent to the farthest prison (S.C.I. Albion) in the Pennsylvania Department of Corrections," in retaliation for filing grievances and lawsuits. If true, these actions constitute "adverse action" causally linked to protected conduct. See Rauser, 241 F.3d at 333-34; see also Meriwether v. Coughlin, 879 F.2d 1037, 1045-46 (2d Cir. 1989)

10

(holding that transfer solely in retaliation for exercise of constitutional rights violates a prisoner's constitutional rights). Yet, he fails to indicate who was personally responsible for the theft or destruction of his personal property and who made the decision to transfer him. The allegations supporting the retaliation claims are therefore deficient. However, because Mincy may be able to allege personal involvement, and given the expectation that plaintiffs be granted leave to amend their claims before dismissing a complaint that is merely deficient, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000), he will be afforded the opportunity to file a second amended complaint to allege personal involvement in the retaliation claims addressed herein.[2]

## IV. Motion for an Indefinite Extension of Time

Plaintiff seeks an indefinite extension of time due to his transfer from SCI-Rockview to the Clinton County Correctional Facility ("CCCF"). (Doc. 35.) According to plaintiff, because the Department of Corrections is in need of bed space, it has been arranged for inmates within five years of their minimum sentence to be transferred to CCCF. (Id. at p. 1, ¶ 2.) Plaintiff states that he was selected for transfer to CCCF and is in need of an indefinite extension of time because he was not allowed to take all of his legal property with him. (Id. at p. 2, ¶ 3.) In consideration of plaintiff's situation, which is beyond his control, the

---

[2]Defendants do not seek to dismiss Mincy's claims that Vance, Murphy, Wetzel and Gower issued retaliatory misconducts.

11

motion for an <u>indefinite</u> extension of time will be denied but he will be afforded a liberal time period in which to file his second amended complaint.

**V.     Conclusion**

Based on the foregoing, defendants' motion to dismiss plaintiff's amended complaint will be granted in part and denied in part. His motion for an indefinite extension of time will be denied but he will be afforded additional time to file a second amended complaint.

An appropriate order follows.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        February 16, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | CIVIL ACTION NO. 1:07-CV-0790 |
| **Plaintiff,** | : | (Judge Conner) |
| v. | : | |
| **EDWARD KLEM, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 16th day of February, 2010, upon consideration of defendants' motion to dismiss (Doc. 31), and plaintiff's motion for an indefinite extension of time (Doc. 35), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 31) is GRANTED in part and DENIED in part.

2. The motion is GRANTED with respect to the request for injunctive relief and the conspiracy and destruction of property claims.

3. The motion is DENIED with respect to the retaliation claims.

4. Defendants Vance, Gower, Murphy and Wetzel shall file an answer to the complaint on or before March 5, 2010.

5. The Clerk of Court is directed to forward to plaintiff a civil rights form complaint.

6. Plaintiff may FILE a second amended complaint in accordance with the accompanying memorandum on or before March 29, 2010, on the enclosed civil rights form. The amended complaint shall carry the same civil docket number (1:07-CV-0790) presently assigned to this matter.

7. The amended complaint shall be a short, plain, and concise statement of the retaliation claims and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint or amended complaint already filed. FED. R. CIV. P. 8(e)(1).

8. The only claims properly included in the second amended complaint are the claims that defendants Vance, Gower, Wetzel and Murphy issued him retaliatory misconducts, as stated in the amended complaint, and the claims alleging retaliatory theft of property, retaliatory destruction of property, and retaliatory transfer.

9. Failure to comply with this order will result in dismissal of the retaliatory theft of property, destruction of property, and transfer claims.

10. Plaintiff's motion for an indefinite extension of time (Doc. 35) is DENIED, however, plaintiff has been afforded a liberal time period of forty-five days to file his second amended complaint.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge