IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILTON KARRIEM MINCY,** : | **CIVIL ACTION NO. 1:07-CV-0790** |
| : | |
| **Plaintiff,** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **EDWARD KLEM**, et al., : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 5th day of October, 2011, upon consideration plaintiff's motion for a preliminary injunction (Doc. 147) pursuant to Federal Rule of Civil Procedure 65, which is an extraordinary remedy that should be granted, in the Court's discretion, only if a plaintiff demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction is in the public interest, Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir.2009) (citing McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 356-57 (3d Cir. 2007), and this Court recognizing that because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution, Rush v. Correctional Med. Services, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)), and it appearing that plaintiff seeks an order directing defendants to transfer him back to a prison in his "home" region (the eastern region of Pennsylvania) (Doc. 148, at 1), and it

appearing that plaintiff does not have a right to confinement in any particular prison, and the failure to transfer him to a prison in his "home" region does not implicate any constitutionally protected rights, see Olim v. Wakinekona, 461 U.S. 238 (1983), and that plaintiff is therefore unable to demonstrate a reasonable probability of success on the merits, that he will suffer irreparable harm, or that granting the injunction would be in the public interest, and it further appearing that the request is an impermissible basis for seeking injunctive relief as the issuance of a preliminary injunction is to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit, Acierno v. New Castle County, 40 F.3d 645, 647 (3d Cir. 1994), it is hereby ORDERED that plaintiff's motion for a preliminary injunction (Doc. 147) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge