## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | **CIVIL ACTION NO. 1:07-CV-0790** |
| **Plaintiff,** | : | **(Judge Conner)** |
| v. | : | |
| **EDWARD KLEM, et al.,** | : | |
| **Defendants** | : | |

### <u>ORDER</u>

AND NOW, this 11th day of October, 2011, upon consideration of plaintiff's motion to amend (Doc. 127) his Second Amended Complaint (Doc. 44) to substitute defendant "CMM" for defendant Hryciyna in Count II, and plaintiff's motion to reopen discovery (Doc. 153) so that he may ascertain the identity of "CMM," and it appearing that defendants oppose the motion to amend on the basis that plaintiff is unable to meet Federal Rule of Civil Procedure 15(c)(1)(C)[1] requirements pertaining to the relation back of amendments (Doc. 146), to wit, that the claim arises out of the same conduct originally pleaded, that within 120 days of the original filing date the party to be added by amendment received notice of the action such that the party will not be prejudiced in defending the case on the merits, and that the party to be added knew or should have known the action would have been brought against him, but for a mistake concerning the proper party's identity, and the Court

---

[1] "Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original timely filed complaint." <u>Singletary v. Pennsylvania Dep't of Corrs.</u>, 266 F.3d 186, 193 (3d. Cir. 2001) (citing <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1015 (3d Cir. 1995)).

being persuaded by plaintiff's argument (Doc. 128) that the claim is the same as in the Second Amended Complaint because he is only seeking to substitute a defendant, and, despite the fact that there is no evidence that "CMM" had notice of the suit within the 120-day period, it is likely that, *via* the "shared attorney" method, which requires an inquiry of whether notice of the institution of this action can be imputed to the defendant sought to be named within the relevant 120-day period by virtue of representation he shared with a defendant originally named in the lawsuit, Singletary v. Pennsylvania Dep't of Corrs., 266 F.3d 186, 196 (3d. Cir. 2001), that "CMM" would be represented by the same attorney who has represented all defendants since the inception of this action, and that "the attorney is likely to have communicated to the latter party that he may well be joined in the action" within the 120-day period, id., such that notice could be imputed to "CMM", and that such notice is sufficient to allay any prejudice that "CMM" might have suffered by not being named in the original complaint, and that "CMM" knew or should have known within the 120-day time period that the action would have been brought against him but for a mistake concerning his identity, it is hereby

ORDERED as follows:

 1. Plaintiff's motion to amend (Doc. 127) the Second Amended Complaint to substitute the name of a party is GRANTED.

 2. Plaintiff's motion to reopen discovery (Doc. 153) to allow plaintiff to pursue discovery with respect to "CMM" is GRANTED in part and DENIED in part:

      a.      The motion is GRANTED with respect to plaintiff's request that defendants be compelled to identify "CMM." Counsel for defendants shall FILE a notice with this court on or before October 17, 2011, setting forth the full name of Pennsylvania Department of Corrections employee "CMM", identified in the prison log as having retrieved plaintiff's property from the mailroom at the State Correctional Institution at Mahanoy on April 12, 2005. (Doc. 127, at 12.)[2]

      b.      The portion of the motion seeking to reopen the discovery period to afford plaintiff the opportunity to serve discovery on "CMM" is DENIED, without prejudice, as premature.


            S/ Christopher C. Conner
            CHRISTOPHER C. CONNER
            United States District Judge

---

[2] Once the identity of "CMM" is provided to the Court, his name will be substituted and an Order will issue directing service on the newly substituted defendant.