IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILTON KARRIEM MINCY,** : | CIVIL ACTION NO. 1:07-CV-0790 |
| : | |
| **Plaintiff,** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **EDWARD KLEM, et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 22nd day of November, 2011, upon consideration of this Court's Order of October 11, 2011 (Doc. 163), granting plaintiff's motion to amend (Doc. 127) his Second Amended Complaint (Doc. 44) to substitute "CMM" for defendant Hryciyna in Count II, on the basis that despite the fact that there was no evidence that "CMM" had notice of the suit within the 120-day period, the Court found it likely that, *via* the "shared attorney" method, which requires an inquiry of whether notice of the institution of this action can be imputed to the defendant sought to be named within the relevant 120-day period by virtue of representation he shared with a defendant originally named in the lawsuit, Singletary v. Pennsylvania Dep't of Corrs., 266 F.3d 186, 196 (3d. Cir. 2001), "CMM" would be represented by the same attorney who has represented all defendants since the inception of this action, and that "the attorney is likely to have communicated to the latter party that he may well be joined in the action" within the 120-day period, id., such that notice could be imputed to "CMM," and it appearing from defendants' "Notice in Response to October 11, 2011 Order Compelling Identification of "CMM"

(Doc. 165) that defense counsel was not aware of the identity of CMM within the 120-day period and could not have communicated to "CMM" that he may well be joined in the action and therefore, there is no basis upon which to impute notice to CMM within the 120-day time period and, hence, no support for granting plaintiff's motion to amend the second amended complaint, it is hereby ORDERED as follows:

1. The Order of October 11, 2011 (Doc. 163) is VACATED, plaintiff's motion for reconsideration of that Order (Doc. 168) is DENIED and plaintiff's motion seeking sanctions (Doc. 169) for defendants' failure to comply with that Order is DENIED.

2. Plaintiff's motion to amend (Doc. 127) the Second Amended Complaint is DENIED.

3. Plaintiff's motion to reopen discovery (Doc. 153) to allow plaintiff to pursue discovery with respect to "CMM" is DENIED.

4. Plaintiff's motion to strike (Doc. 156) defendants' brief in opposition to his motion for leave to amend and discovery motions is DENIED.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge